**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2011

No. 10-60767
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISHA JOSHUA NUNNERY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CR-16-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Elisha Joshua Nunnery appeals the district court's denial of his motion to suppress evidence found inside an unlocked glove compartment during an inventory search. In considering a ruling on a motion to suppress, this court generally reviews a district court's conclusions on Fourth Amendment issues de novo and its factual findings for clear error. *United States v. Gomez-Moreno*, 479 F.3d 350, 354 (5th Cir. 2007). Because Nunnery failed to make the argument that the inventory search did not comply with articulated standardized

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedure in the district court, this court's review of the issue is limited to plain error. *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007).

Inventory searches are excepted from the warrant requirement because they are not designed to uncover evidence of criminal activity and because they serve the "caretaking purposes" of protecting the owner's property while it is in police custody, protecting the police against claims of lost or stolen property, and protecting the police and the public from potential danger. *United States v. Andrews*, 22 F.3d 1328, 1334 (5th Cir. 1994). Inventory searches must be conducted according to standard regulations and procedures, consistent with the proper purpose of noninvestigative inventory searches. *See Florida v. Wells*, 495 U.S. 1, 4-5 (1990); *See also Colorado v. Bertine*, 479 U.S. 367, 374 (1987). An officer's unrebutted testimony that he acted in accordance with standard inventory procedures is sufficient to establish the validity of an inventory search. *United States v. Bullock*, 71 F.3d 171, 178 (5th Cir. 1995).

Evaluating the evidence in the light most favorable to the prevailing party, we conclude that the district court's determination that the evidence was found pursuant to a valid inventory search was not plainly erroneous. *See Troop,* 514 F.3d at 409; *Stevens*, 487 F.3d at 238. The investigating officer testified that he conducted an inventory search and as to the rationale for the search, and the district court was entitled to credit that testimony. *See United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997); *Bullock*, 71 F.3d at 178. Alternatively, we conclude that the search of the vehicle, which was done incident to Nunnery's arrest for marijuana possession, was valid. *See Arizona v. Gant,* 129 S. Ct. 1710, 1721 (2009); *Gomez-Moreno*, 479 F.3d at 354. The judgment is AFFIRMED.